REQUESTED BY: Dear Senator Keyes:
You have asked our opinion as to the constitutional validity of LB 150. This bill would amend section 77-1701, R.R.S. 1943, by adding at the end of that section the following language.
 "In any county in which a city of the metropolitan class is located, all statements of taxes shall include special assessments for cutting weeds, removing litter, and demolishing buildings."
At first glance it may appear that the amendment may be unnecessary, because the earlier portions of section 77-1701
provide that the county board may direct that a statement of taxes and special assessments be mailed or otherwise delivered to the person, firm, association, or corporation against whom such taxes are assessed, and providing that the taxes and special assessments be shown on separate amounts and that the special assessments be identified.
However, we have talked with a deputy county attorney of Douglas County, and he informs us that while Douglas County has been sending out statements for special assessments, they have been separate statements, and they have not been included in the statement for general taxes. Apparently the proponents of the bill want the special assessments mentioned in the bill included in the statement for general taxes, and that is what the bill will accomplish.
We see no constitutional problems about requiring the county treasurer to send statements of the type described. He is the ex officio collector of all taxes levied within the county, including special assessments assessed by the cities within the county. We see no constitutional reason why the Legislature cannot give instructions as to how he shall go about it.
In limiting the reach of the bill to those counties in which a city of the metropolitan class is located, however, the bill may be in conflict with Article III, section 18, of the Constitution of Nebraska. This section has been held to prohibit unreasonable class legislation. In this instance we find some difficulty in ascertaining the reason for limiting the bill, instead of making it applicable to all counties.
All cities and villages have authority to cut weeds, remove litter, and demolish buildings, and assess the costs against the real estate. All, no doubt, have similar problems in collecting such special assessments, although, of course, a city of the metropolitan class will naturally have more such instances of unpaid special assessments, because of its larger size. The impact on smaller cities and villages may be just as severe, however.
We have examined the transcript of the committee hearing on the bill, to see if we could find a reason for the limitation. We find a suggestion that possibly it could include all counties, but the statement was made that this was a good clean bill, and that making it applicable to all counties might stir up a hornet's nest outstate and kill it. If that is the only justification for limiting the reach of the bill, it is not, in our opinion, a sufficient reason.
The court has sanctioned different legislation with respect to cities of various classes, but this bill is not limited to cities of the metropolitan class, but to counties
in which such a city is located. There could be other cities and villages in that county. The bill would require tax statements sent out by the county treasurer to include the specified special assessments of such other cities and villages. It is difficult for us to see why the problems and needs of cities and villages located in the same county as a city of metropolitan class are different from those of similar cities and villages in other counties.
In Axberg v. City of Lincoln, 141 Neb. 55,2 N.W.2d 613 (1942), the court held a statute dealing with a matter of statewide concern, but excluding from its reach cities of the first class governed by a home rule charter, to be in violation of Article III, section 18. We believe that LB 150, in making its provisions applicable to special assessments of cities and villages located in a county having a city of the metropolitan class, may be subject to such infirmity.